UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TASHAY ROGERS, | : |
| | : |
| Plaintiff, | : Civil Action No. 15-3440 (BRM) (DEA) |
| | : |
| v. | : **REPORT AND RECOMMENDATION** |
| | : |
| ALLIED OIL, LLC, *et al.,* | : |
| | : |
| Defendants. | : |

ARPERT, Magistrate Judge

This matter comes before the Court on an application by Defendants for sanctions and to dismiss Plaintiff's Amended Complaint ("Complaint") based on Plaintiff's failure to provide discovery and to comply with the Court's order compelling the same. For the reasons below, it is respectfully recommended that this matter be **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff filed her Complaint on May 19, 2015, alleging various claims against Defendants arising out of Plaintiff's employment with Allied Oil, LLC. *See* ECF. No. 1. While the parties were engaged in discovery, in October 2016, Plaintiff's counsel advised the Court that he was having difficulty providing discovery responses and scheduling Plaintiff's deposition. *See* ECF No. 21. Consequently, at the request of Plaintiff's counsel, the Court extended the fact discovery deadline to December 31, 2016. *Id.* The Court conducted a telephone conference on December 12, 2016, and conferred with counsel regarding the status of discovery. Plaintiff's counsel again advised he was unable to provide responses to Defendants' discovery requests. On December 13, 2016, the Court entered an Order granting Defendants' informal application to

compel discovery.  Plaintiff was directed to respond to Defendants' previously-served discovery requests and to provide dates on which she would available to be deposed no later than January 16, 2017.  ECF No. 22.  The Order advised Plaintiff that "her failure to comply with the terms of this Order may result in the imposition of sanctions including dismissal of her Complaint." *Id.*  On January 19, 2017, Defendants' counsel advised the Court that Plaintiff had neither responded to Defendants' discovery requests nor provided dates for a deposition.  Defendants requested that the Court impose sanctions and dismiss Plaintiff's Complaint.

## II.     DISCUSSION

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery and obey court orders.  *See* Fed. R. Civ. P. 37(b)(2).  Where such failures have occurred, dismissal may be an appropriate penalty.  *Id*.  Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice.  For the reasons that follow, the Court finds that based on the present circumstances, the *Poulis* factors support the dismissal of this matter.

### 1. Plaintiff's Personal Responsibility

In this case the Court finds Plaintiff to be personally responsible for her failure to comply with the Court's Order directing Plaintiff to provide responses to discovery requests and to provide dates for a deposition. Plaintiff's counsel advised the Court that he has attempted to contact his client on numerous occasions by letter, email and telephone over several months, and he has received no response. Therefore the Court finds that Plaintiff's failure to comply with the Order of this Court directing Plaintiff is solely attributable to Plaintiff. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### 2. Prejudice to Defendants

Plaintiff's failure to comply with this Court's Order has caused manifest injustice to Defendants. Despite the fact that Plaintiff initiated this action, she has failed to meaningfully participate in discovery, despite an Order from this Court requiring her to do so. As such, she has made it impossible for Defendants to effectively defend against Plaintiff's claims. Plaintiff's failures, and the prejudice caused to Defendants as a result of Plaintiff's failures, support the dismissal of this case. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

### 3. History of Dilatoriness

Plaintiff has a history of dilatoriness and, as a result, the Court has extended the discovery deadline in this case at least twice. Yet Plaintiff has repeatedly ignored requests from her counsel to provide discovery responses. Plaintiff's continued inaction and failure to comply with the Court's Order supports the dismissal of her claims.

### 4. Willfulness or Bad Faith

There is no indication before the Court that Plaintiff has proceeded in bad faith. However, the Court does find that Plaintiff's conduct has been willful. Plaintiff's complete disregard of the

Order of this Court supports a finding of willfulness and supports the dismissal of Plaintiff's Complaint.

### 5. Effectiveness of Alternative Sanctions

Plaintiff's continued unresponsiveness to counsel and to Defendants' requests to provide the outstanding discovery, despite an Order from this Court and multiple extensiosn of time to permit her to do so, suggests that alternative sanctions would be futile. She has provided no explanation or justification for her failure to the Court. Accordingly, the Court finds that alternative sanctions would not be effective. *See Williams v. Sullivan,* No. 08–1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), *adopted by,* 2011 WL 2112301 (D.N.J. May 25, 2011), *aff'd,* 506 F. App'x 156 (3d Cir.2012) (concluding that, "alternative sanctions would not prompt [p]laintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed.").

### 6. Meritoriousness of the Claims

In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869–70.  A court, however, is not required to "balance both parties' claims and defenses" or to "have a mini-trial before it can impose a default." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 922 (3d Cir. 1992).  At this juncture, the Court does not have a sufficient factual record to evaluate the meritoriousness of Plaintiff's claims. Accordingly, this factor is neutral.

"Poulis requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" *See Williams*, 2011 WL 2119095, at *8 (quoting *Chiarulli v. Taylor*, No. 08-440, 2010 WL 1371944, at *4 (D.N.J. 2010)).  In this case, the Court finds that,

4

on balance, the *Poulis* factors warrant dismissal of Plaintiff's Complaint. Notwithstanding Plaintiff's voluntary filing of this case, Plaintiff appears to have stopped participating in this matter. Plaintiff's repeated failure to provide discovery, respond to her counsel, and comply with the Court's Order demonstrates an utter disregard of her obligations to this Court. For the reasons above, this Court respectfully recommends that this action be dismissed without prejudice.

### III.     CONCLUSION

For the reasons set forth above;

**IT IS** on this 25th day of January, 2017,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge